## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAYLA HERNANDEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE ROAD AUTO SALES, INC.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### Nature of the Action

1. This is a class action brought under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667 *et seq.*, and its implementing regulations, 12 C.F.R. § 1013 ("Regulation M").

2. As one district court recognized, "Congress enacted the CLA as an amendment to the TILA and [thereby] extended the TILA's 'credit disclosure requirements to consumer leases.'" *Clement v. Am. Honda Fin. Corp.*, 145 F. Supp. 2d 206, 209 (D. Conn. 2001) (quoting *Turner v. Gen. Motors Acceptance Corp.*, 180 F.3d 451, 454 (2d Cir. 1999)).

3. The Truth in Lending Act ("TILA")—and, by extension, the CLA—was put in place to protect consumers from obfuscation or misinformation in credit and lease transactions.

4. Congress recognized and sought to remedy the information imbalance in such transactions, particularly for inexperienced or uninformed consumers lacking the financial acumen of those companies responsible for extending them credit by way of loans or leases.

5. This action is founded upon the failure of State Road Auto Sales, Inc. ("Defendant") to provide adequate disclosures under the CLA in its consumer automobile leases.

1

6. More specifically, Defendant underreported lease payment totals and thus obfuscated the true costs of its leases, in violation of federal law.

## Parties

7. Kayla Hernandez ("Plaintiff") is a natural person who at all relevant times resided in Massachusetts.

8. Plaintiff leased personal property—a motor vehicle—pursuant to a Closed End Motor Vehicle Lease (the "Agreement")[1] and therefore is a "lessee" as defined by 15 U.S.C. § 1667(2).

9. Defendant is a for-profit corporation with its principal office in Westport, Massachusetts.

10. Defendant offers a fleet of over 400 cars, trucks, and sport utility vehicles ("SUVs") available for lease.[2]

11. Defendant advertises "Lease Here Pay Here" and "Lease to Own," going so far as to promise: "We lease to anyone with an international license!"[3]

12. At all relevant times, Defendant regularly engaged in leasing, offering to lease, or arranging to lease personal property under a consumer lease.

13. Plaintiff's Agreement with Defendant identifies Defendant as the "Lessor." Ex. A.

14. Defendant thus is a "lessor" within the meaning of the CLA. *See* 15 U.S.C. § 1667(3) and 12 C.F.R. pt. 1013.2(h).

---

[1] A true and correct copy of Plaintiff's Agreement is attached as Exhibit A.

[2] https://www.stateroadauto.com/ (last visited July 11, 2019).

[3] https://www.stateroadauto.com/ (last visited July 11, 2019).

**Jurisdiction and Venue**

15. This Court has jurisdiction under 15 U.S.C. § 1640(e), 15 U.S.C. § 1667d(c), and 28 U.S.C. § 1331.

16. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant is headquartered in this district.

**Factual Allegations**

17. Plaintiff contracted with Defendant to lease a motor vehicle for personal use.

18. She entered into her Agreement with Defendant on or about November 14, 2018, allowing her to take possession of a 2012 GMC Acadia SUV in exchange for a down payment and additional weekly payments through the duration of the lease.

19. Specifically, the Agreement required $1,657 at lease signing, followed by weekly payments of $120.00 each. *See* Ex. A at 1.

20. The first weekly payment of $120 was due November 30, 2018, and 138 additional weekly payments were due on the Friday of each week. *Id.*

21. The Agreement purports to last for either 138 or 139 weeks in total. *Id.*

22. The Agreement indicates that "[t]he total of [Plaintiff's] weekly payments is $16,560.00." *Id.*

23. The Agreement also indicates that the "Total of Payments (The amount [Plaintiff] will have paid by the end of the Lease)" is likewise $16,560. *Id.*

24. Separately, Plaintiff's Agreement lists an agreed upon value of $17,970 for the 2012 GMC Acadia SUV she leased. *Id.*

25. Plaintiff has made many weekly payments since entering into the Agreement.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class of consumers:

> All persons throughout the United States (a) to whom State Road Auto Sales Inc. leased personal property for personal, family, or household purposes, (b) with an initial lease term greater than four months, (c) for which the lease is currently in force or was terminated on or after July 11, 2018, and (d) in connection with which State Road Auto Sales Inc. listed an incorrect number of periodic payments, an incorrect sum of the amount owed in periodic payments, and/or an incorrect sum of the total amount owed by the lessee.

27. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

28. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

29. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

30. The members of the proposed class are ascertainable because the class is defined by reference to objective criteria.

31. The proposed class members are identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

32. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

33. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

34. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

35. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

37. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

38. There will be no difficulty in the management of this action as a class action.

39. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

40. Among the issues of law and fact common to the class are:

    a) Defendant's status as a lessor within the confines of the CLA;

    b) Defendant's violations of the CLA and its implementing regulations, as alleged herein;

    c) Defendant's failure to properly provide disclosures required by the CLA;

    d) the availability of statutory penalties; and

    e) the availability of attorneys' fees and costs.

**COUNT I: VIOLATIONS OF 15 U.S.C. § 1667a(9) AND 12 C.F.R. pts. 1013.4(c), (e)**

41. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 40.

42. First, by way of background, "[p]assed by Congress as an amendment to the Truth In Lending Act [], the CLA purports 'to assure a meaningful disclosure' of personal property lease terms to 'enable the lessee to compare more readily the various lease terms available to him [and] limit balloon payments in consumer leasing.'" *Gaydos v. Huntington Nat. Bank*, 941 F. Supp. 669, 672 (N.D. Ohio 1996) (quoting 15 U.S.C. § 1601(b)).

43. The CLA's primary purpose is thus to

> "assure a meaningful disclosure of the terms of leases . . . so as to enable the lessee to compare more readily the various lease terms available to him." 15 U.S.C. § 1601(b). Because lease financing had become recognized as an alternative to credit financing and installment sales contracts, Congress also intended CLA disclosure requirements to "enable comparison of lease terms with credit terms where appropriate." *Id.* The CLA thus requires lessors of personal property subject to its provisions to make specified disclosures when a lease is entered into. *See* 15 U.S.C. § 1667a (consumer lease disclosures).

*Turner*, 180 F.3d at 454.

44. Accordingly, TILA's "strict liability standard attaches to violations of CLA disclosure requirements as well." *Gaydos*, 941 F. Supp. at 672.

45. To that end, the CLA at 15 U.S.C. § 1667a(9) requires:

> Each lessor shall give a lessee prior to the consummation of the lease a dated written statement on which the lessor and lessee are identified setting out accurately and in a clear and conspicuous manner the following information with respect to that lease, as applicable:
>
> * * *
>
> (9) The number, amount, and due dates or periods of payments under the lease and the total amount of such periodic payments

46. Further, Regulation M at 12 C.F.R. pt. 1013.4 mandates in pertinent part:

> For any consumer lease subject to this part, the lessor shall disclose the following information, as applicable:
>
> * * *

6

(c) Payment schedule and total amount of periodic payments. The number, amount, and due dates or periods of payments scheduled under the lease, and the total amount of the periodic payments.

(d) Other charges. The total amount of other charges payable to the lessor, itemized by type and amount, that are not included in the periodic payments. Such charges include the amount of any liability the lease imposes upon the lessee at the end of the lease term; the potential difference between the residual and realized values referred to in paragraph (k) of this section is excluded.

(e) Total of payments. The total of payments, with a description such as "the amount you will have paid by the end of the lease." This amount is the sum of the amount due at lease signing (less any refundable amounts), the total amount of periodic payments (less any portion of the periodic payment paid at lease signing), and other charges under paragraphs (b), (c), and (d) of this section. In an open-end lease, a description such as "you will owe an additional amount if the actual value of the vehicle is less than the residual value" shall accompany the disclosure.

* * *

47. Taken together, the statute and Regulation M explicitly require disclosure of not only the total amount of *periodic* payments due under the Agreement, but also the total of *all* payments due thereunder.

48. This is where Defendant's Agreement fell short and, in so doing, misled Plaintiff as to the true cost of her motor vehicle lease.

49. First, with regard to *periodic* payments, Defendant provides conflicting and confusing disclosures regarding how many such payments are due, and at what total cost to Plaintiff.

50. The Agreement states: "Your Payments are Due Weekly. Your first weekly payment of $120.00 is due on November 30, 2018 followed by 138 payments of $120.00 due on the Friday of each week. The total of your weekly payments is $16,560.00." Ex. A at 1.

51. The stated total of $16,560.00 comports with 138 weekly payments of $120 each.

7

52. However, by earlier stating that Plaintiff's "first weekly" payment was due on November 30, 2018, "*followed by* 138 payments of $120.00 due on the Friday of each week," the Agreement indicates that Plaintiff must make 139 weekly payments in total, not 138. *Id.* (emphasis added).

53. Only one of these totals can be correct.

54. Plaintiff does not know whether she owes 138 weekly payments of $120 or 139 weekly payments of $120.

55. Second, with regard to the *total* payments owed under the Agreement, Regulation M suggests using a description such as "the amount you will have paid by the end of the lease." 12 C.F.R. pt. 1013.4(e).

56. Here, Defendant used this precise language in its Agreement: "Total of Payments (The amount you will have paid by the end of the Lease): $16,560.00." Ex. A at 1.

57. The problem is, the listed "Total of Payments" of $16,560 does not account for the $1,657 also due at lease signing, nor the 39th weekly payment of $120.00.

58. In other words, the true amount Plaintiff will have paid by the end of the lease is *at least* $16,560 (the stated total of her periodic payments) + $1,657 (stated total due at lease signing) = $18,217, and potentially $16,560 + $1,657 + $120 (the 39th weekly payment) = $18,337.

59. Thus, Defendant understates the true "Total of Payments" by over $1,600.

60. In sum, Defendant's disclosures of Plaintiff's weekly payments as well as her "Total of Payments" are confusing and inaccurate.

61. Defendant thus violated 15 U.S.C. § 1667a(9) and 12 C.F.R. pts. 1013.4(c), (e) by providing false and confusing disclosures of the number of Plaintiff's periodic payments, and/or

8

the total amount of her periodic payments, and also her total of payments owed under the Agreement.

62. By virtue of its violations, Defendant is liable to Plaintiff under 15 U.S.C. § 1667d(a), 15 U.S.C. § 1640(a)(1), and 15 U.S.C. § 1640(a)(2)(A)(i) for all actual damages incurred and for statutory damages in the amount of 25% of the total amount of monthly payments due under the Agreement.

63. The harm suffered by Plaintiff is particularized in that the violative Agreement was presented to her personally, regarded her personal obligations in connection with the lease of her motor vehicle, and failed to give her statutorily-mandated disclosures to which she was entitled.

64. Likewise, the CLA's disclosure provisions

> serve[] to protect a consumer's concrete interest in "avoid[ing] the uninformed use of credit," a core object of the TILA. These procedures afford such protection by requiring a creditor to notify a consumer, at the time he opens a credit account, of how the consumer's own actions can affect his rights with respect to credit transactions. A consumer who is not given notice of *his* obligations is likely not to satisfy them and, thereby, unwittingly to lose the very credit rights that the law affords him. For that reason, a creditor's alleged violation of each notice requirement, by itself, gives rise to a "risk of real harm" to the consumer's concrete interest in the informed use of credit.

*Strubel v. Comenity Bank*, 842 F.3d 181, 190-91 (2d Cir. 2016) (emphasis in original).

65. That is, the lease disclosure violations at issue here—regarding Plaintiff's payment obligations under her Agreement—threaten the core purpose of the CLA and TILA: ensuring the informed use of credit.

66. No matter, that "risk of real harm" materialized here, as Plaintiff was unaware of the true cost associated with the lease of her motor vehicle as a result of Defendant's inadequate disclosures.

67. And had Plaintiff known the true cost, she would have pursued alternatives such as a motor vehicle lease or purchase from a different automobile dealer.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1667a(9) and 12 C.F.R. pts. 1013.4(c), (e) for its failure to provide adequate disclosures;

C. Awarding Plaintiff and members of the class actual damages pursuant to 15 U.S.C. § 1667d(a) and 15 U.S.C. § 1640(a)(1), and/or statutory damages pursuant to 15 U.S.C. § 1667d(a) and 15 U.S.C. § 1640(a)(2)(B);

D. Enjoining Defendant from future violations of 15 U.S.C. § 1667a(9) and 12 C.F.R. pts. 1013.4(c), (e) with respect to Plaintiff and the class;

E. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1640(a)(3) and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED:  July 11, 2019                    Respectfully submitted,


/s/ Kevin V. K. Crick
Kevin V. K. Crick
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor
Boston, MA 02109
Tel: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, Florida 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

*to seek admission *pro hac vice*

11