UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAYLA HERNANDEZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE ROAD AUTO SALES, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-11525-NMG |

[~~PROPOSED~~] ORDER OF FINAL APPROVAL AND JUDGMENT [~~AND APPROVING INCENTIVE AWARD AND AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES~~]

On March 26, 2020, Kayla Hernandez ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On August 14, 2020, this Court preliminarily approved the parties' proposed settlement, certified the settlement class, and directed class notice as approved in its order of the same date.

On August 24, 2020, State Road Auto Sales, Inc. ("Defendant") served on the appropriate authorities the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

On September 4, 2020, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On September 28, 2020, Plaintiff filed her motion for an award of attorneys' fees, costs, and expenses for her counsel.

On November 12, 2020, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On December 10, 2020, this Court held a fairness hearing regarding Plaintiff's and Defendant's proposed settlement.

1

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court confirms certification the following class, for settlement purposes, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (a) with an address in the United States (b) who signed a Closed End Motor Vehicle Lease with State Road Auto Sales, Inc. (c) between August 1, 2017 and March 31, 2019 (d) for a vehicle for personal, family, or household use.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

1. The Class Members are so numerous that joinder of all of them is impracticable;
2. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
3. Plaintiff's claims are typical of the Class Members' claims;
4. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the Class Members; and
5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 69-72 (D. Mass. 1999) (Gorton, J.) (confirming certification of settlement class in connection with final approval of class action settlement).

This Court also confirms it appointment of Kayla Hernandez as class representative for the class, and the following attorneys and law firm as class counsel for class members:

> James L. Davidson
> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 7601 N. Federal Highway, Suite A-230
> Boca Raton, Florida 33487

*See Taylor v. TimePayment Corp.*, No. 18-378, ECF No. 60 (E.D. Va. Oct. 29, 2019) (appointing

2

Greenwald Davidson Radbil PLLC class counsel in action under the Consumer Leasing Act ("CLA"), Truth in Lending Act, and Virginia usury law); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. 18-2225, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) (same in CLA litigation); *Sheean v. Convergent Outsourcing, Inc.*, No. 18-11532, ECF No. 59 (E.D. Mich. July 8, 2019) (same for classes under the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (same in TCPA action).

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a settlement fund for all Class Members in the amount of $18,000, which will be distributed on a pro-rata basis to each of the Class Members who submitted a valid, timely claim form.
2. In addition to her pro-rata shares of the class settlement fund, Plaintiff separately will be paid $2,000 by Defendant, in recognition of her service to all Class Members.
3. Defendant will no longer use the version of Closed End Motor Vehicle Lease agreement that Plaintiff signed, and which gave rise to this litigation.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

This Court finds the Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

3

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members in light of the complexity, expense, and anticipated duration of litigation, and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal. This is especially true given the recovery obtained for the class, which equals the maximum amount of statutory damages this Court could have awarded at trial. Moreover, Plaintiff obtained a change to Defendant's form lease agreement and immediate cash compensation for Class Members, while avoiding the drawbacks and delays of further litigation.

This Court finds that the Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member(s) objected to the settlement, and none made any requests for exclusion.

This order thus is binding on all class members, who shall be bound by all the terms, conditions, and obligations of the Agreement and all determinations and judgments in the action concerning the Settlement.

This Court approves the individual and class releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court hereby approves the releases set forth in the Agreement. As agreed by the parties in the Agreement and by virtue of this Order, upon the Effective Date, all of the Released Parties

4

shall be released by Plaintiff and the Class Members, from all released claims, as those terms are defined in the Agreement.

This Court additionally approves an incentive award for Plaintiff in the amount of $2,000, to be paid separately from the class settlement fund, in recognition of her service to the Class Members and for her efforts in obtaining the relief afforded by this settlement. *Accord Bussie v. Allmerica Fin. Corp.*, No. 97-40204, 1999 WL 342042, at *4 (D. Mass. May 19, 1999) (Gorton, J.) (approving $5,000 incentive awards).

Nothing in this Order shall be construed as a finding of any issue on the merits of any claim or defense, nor of the propriety of certification of a litigation class. The claims are dismissed with prejudice as to all other issues and as to all parties.

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: 12/10/20

_____
The Honorable Nathaniel M. Gorton
United States District Judge